| .CARTER, C.J.
Defendant, Columbus Christopher Williams, was charged by bill of information with one count of criminal damage to a coin-operated device, a violation of LSA-R.S. 14:56.1, and pled not guilty. The trial court denied defendant’s oral motion to quash the bill of information, which was based on the argument that the value of the damage to the machine did not exceed $100.00. A jury found defendant guilty of criminal damage to a coin-operated device where the damage amounted to $100.00 or more. The trial court denied defendant’s motions for new trial and post-verdict judgment of acquittal, then sentenced defendant to one year’s imprisonment at hard labor. Defendant now appeals.
*49 FACTS
On May 3, 2001, the defendant struck a Coca-Cola vending machine three times with a twenty-pound sledgehammer at his bail bonds office on Grand Caillou Road in Houma. The machine was owned by Coca-Cola. Prior to hitting the machine, the defendant threatened “to trash the damn machine and put it at the road.”
To establish the extent of damage to the machine, the State presented testimony from Coca-Cola Equipment Services Manager David Breath. Breath indicated he worked on the machine damaged by defendant and prepared a work order reflecting a total cost of $116.49 in connection therewith. The $116.49 figure included a $50.00 charge for parts, $52.49 for labor (which was based on an estimated time of one hour of labor plus $3.89 tax on that labor), $4.00 for taxes, and $10.00 for freight. Breath also indicated that the cost of retrieving the machine and transporting it to the warehouse for repairs was $70.00.
laOn cross-examination, Breath admitted that he “made up” the work order after the fact to give an estimate of what it would cost to repair the machine. When asked who had actually done the work on the machine, Breath stated, “I’m not sure if it was done in-house or if it was done at a remanufacturing facility. More than likely it was done at a remanufacturing facility.” Repairs performed by an outside company were more expensive than those performed in-house. Breath indicated the labor charge on the work order was $48.60, but Coca-Cola’s normal hourly rate was $15.00. Breath also stated $48.60 was the price Coca-Cola charged when it worked on customers’ equipment, but conceded the damaged machine was owned by Coca-Cola.
SUFFICIENCY OF THE EVIDENCE
On appeal, defendant does not dispute that he did damage a coin-operated device, Rather, defendant contends there was insufficient evidence to prove the damage resulted in an actual cost of repair or replacement exceeding $100.00 because the evidence presented concerned estimated costs. Defendant additionally challenges the inclusion of the $70.00 cost of retrieving the damaged machine as an actual cost of repair, arguing the $70.00 cost would have been incurred whether or not the machine was damaged.
Louisiana Revised Statute 14:56.1 provides:
Criminal damage to a coin-operated device is the intentional damaging of any coin-operated device belonging to another.
Coin-operated device means any parking meter, pay telephone, vending machine, money-changing machine, or any other coin activated device designed to accept money for a privilege, service, or product.
|4For purposes of this Section, the value of damages shall be determined by the actual cost of repair, or replacement if necessary.
Whoever commits the crime of criminal damage to a coin-operated device, when the damage done amounts to one hundred dollars or more, shall be fined not more than two thousand dollars or imprisoned for not more than two years, or both.
Whoever commits the crime of criminal damage to a coin-operated device, when the damage amounts to a value of less than one hundred dollars shall be fined not more than five hundred dollars or imprisoned for not more than six months, or both.
in reviewing claims challenging the sufficiency of the evidence, this court must consider “whether, after viewing the evi *50 dence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also LSA-C.Cr.P. art. 821 B.; State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988).
The defendant argues that “actual cost of repair,” within the meaning of the above statute, renders proof by estimated costs of repair insufficient to establish a violation of LSA-R.S. 14:56.1. The State responds that the interpretation of LSA-R.S. 14:56.1 proposed by the defendant, if accepted, would prevent prosecution for violation of LSA-R.S. 14:56.1 unless, and until, a damaged machine had been repaired or replaced. Rather, the State argues, proof by an accurate estimate of the cost of repairs is indeed sufficient to establish the value of the damage done to a machine for purposes of LSA-R.S. 14:56.1.
Louisiana Revised Statute 14:3 provides:
The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in ^connection with the context, and with reference to the purpose of the provision.
The word “actual” is defined as “[ejxisting in fact or reality[.]” Webster’s II New College Dictionary 12 (1995). In this case, there was no indication from the testimony that the machine was not repaired. Rather, Breath’s testimony indicated that the machine was repaired, although he was unsure if such repairs were performed in-house or by an outside company. The statute requires that the State prove the “actual cost of repair.” In this case, we find that presentation of an estimated cost of repair does not suffice to meet that burden.[1] This is particularly so considering that Breath was unsure of which company performed the repairs and the amount of time it took to do so. Further, Breath testified that he based his estimate on the amount Coca-Cola charges for repairs to customer’s machines, although the testimony at trial established that Coca-Cola owned the machine.
Considering the foregoing, we find that there was insufficient evidence to support the conviction. Although defendant clearly damaged a coin-operated device, the State failed to present proof of the amount of damage, determined by the actual cost of repairs, as required by LSA-R.S. 14:56.1. Accordingly, we are constrained to reverse defendant’s conviction and vacate the sentence imposed.
CONVICTION REVERSED; SENTENCE VACATED.

. The issue of whether an estimated cost of repair will satisfy the statute in a situation where the State proves that repairs have not been performed is not before this court and we make no comment thereon.